# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s):** 24-6878

**Case Name:** R. Lance Hill v. Metro-Goldwyn-Mayer Studios Inc., et al.

**Counsel submitting this form:** Marc Toberoff, Toberoff & Associates, P.C.

**Represented party/parties:** R. Lance Hill; Lady Amos Literary Works Ltd.

*Briefly describe the dispute that gave rise to this lawsuit.*

The proceedings below, including the counterclaim which is the subject of this appeal—brought against Appellants, Plaintiff/Counterclaim Defendant R. Lance Hill ("Hill") and his alter ego loan-out company, Third-Party Counterclaim Defendant Lady Amos Literary Works Ltd. ("Lady Amos") (collectively, "Hill Parties")—arise out of Hill's pursuit to reclaim his rights under the Copyright Act.

Hill is author of the original screenplay titled Roadhouse dated July 1986 (the "Screenplay"), which he wrote "on spec" on his own initiative prior to any contractual relationship with Appellee United Artists Pictures, Inc. ("UA"). After the Screenplay's completion, UA recognized its potential, and among other things had Hill, in his individual capacity, transfer his Screenplay copyright to UA by a written "Assignment" executed September 16, 1986. On September 16, 1986, Hill, doing business as Lady Amos, also entered into a long-form agreement with UA, which it also had Hill sign in his personal capacity, plus an agreement (irrelevant to this action) for Hill's writing services to revise his Screenplay. UA produced and released the 1989 motion picture, *Road House* based on Hill's spec Screenplay.

On November 10, 2021, Hill properly availed himself of his right under the Copyright Act to recover the copyright to his Screenplay by timely serving UA's successors, the Appellees ("Studio Defendants") with a statutory notice of termination of Hill's 1986 copyright Assignment, under 17 U.S.C. § 203(a) and filing it with the Copyright Office. On February 27, 2024, Hill initiated the action below by filing a complaint against the Studio Defendants for declaratory judgment to affirm the validity of his termination of his Assignment, and copyright infringement for Studio Defendants' post-termination use of his Screenplay. Studio Defendants countersued for a declaratory judgment that Hill did not have a copyright in his Screenplay. In an effort to prevent judicial recognition of the termination and chill Hill's continued litigation of the above identified causes of action, Studio Defendants also brought a retaliatory breach of contract claim against Hill and Lady Amos, arguing that they violated a warranty and indemnification provision in the long-form agreement relating to the authorship status of the Screenplay.

The Hill Parties thereafter brought an Anti-SLAPP motion under Cal. Civ. P. Code § 425.16 to strike the Studio Defendants' state-law breach of contract claim (the "Motion").

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

*Briefly describe the result below and the main issues on appeal.*

The district court denied the Motion, finding (1) under the first prong of the anti-SLAPP statute, Cal. Civ. P. Code § 425.16, that the claim did not arise from the Hill Parties' identified "protected activity" (i.e., Hill's service and filing of his statutory termination notice; his filing of an application with the U.S. Copyright Office for copyright registration of his recovered Screenplay, and his filing of the complaint in this case to uphold his statutory termination), and (2) under the second prong of the anti-SLAPP statute, that the Studio Defendants, in any event, had established that their breach of contract claim has at least the requisite "minimal merit."

The issues on appeal, generally include (but are not limited to) whether:

1. The Hill Parties satisfied their burden of making a "prima facie" showing, including through materials properly subject to judicial notice, that the activity underlying the Studio Defendants' breach of contract counterclaim is protected under the Anti-SLAPP statute;

2. The Studio Defendants failed to demonstrate a probability of prevailing on their state law contract claim because, *inter alia*:

    (a) the claim is barred by California's statutory litigation privilege;

    (b) the state claim is preempted by federal law; and

    (c) the contractual provision on which it is based constitutes an invalid "agreement to the contrary" under 17 U.S.C. § 203(a)(5).

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Proceedings are ongoing in the district court case, with discovery scheduled to close on May 27, 2025, and trial scheduled to start on November 18, 2025.

Appellants are not aware of any related cases.

**Signature** s/Marc Toberoff    **Date** November 18, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**    *Rev. 09/01/22*